# Case No. 13,450.

## STILLWELL et al. v. HOME INS. CO.

[3 Dill. 80.] [1]

### Circuit Court, E. D. Missouri. 1874.

MARINE INSURANCE—ADDITIONS TO CARGO—DAMAGES—USAGE.

1. A freight policy insured "the freight of the steamboat Commonwealth, and barge, against total loss of any part of the steamer or barge's freight at and from St. Louis to New Orleans," &c. Held, that the policy was not limited to the freight list for goods on board at St. Louis when the voyage was begun, but in view of the well known usage of boats in the Mississippi trade to touch at intermediate ports, it covered additions to the cargo received in the usual manner at such ports.

2. Where the barge was sunk on the voyage by one of the perils insured against, and its cargo was transferred to the boat, which had the effect fully to load the boat, and when other cargo to the full capacity of both boat and barge had been actually engaged at intermediate ports for the trip and no other barge could be obtained, held, that the actual loss of the freight, which would have been earned if the barge had not been lost, was covered by the policy.

[Appeal from the district court of the United States for the Eastern district of Missouri.]

The insurance company appeals from a decree of the district court, in admiralty. The facts are these: Libellants [Stillwell, Powell & Co.] made application to respondent for insurance as follows: "Insurance wanted upon freight of steamer Commonwealth, and barge, W. B. Dance, against the total loss of any part of said steamer or barge's freight, at and from St. Louis to New Orleans, with privilege of lighting," &c. This was accepted by the respondent. There was other insurance to the amount of $3,000—making $4,000 in all. The boat with the barge in tow commenced the trip with a freight list at starting, as follows: On the boat, $1,054.71; on the barge, $2,298.22. A short distance below St. Louis the barge was sunk by one of the perils of navigation insured against, and its cargo was, there-

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

upon, transferred to the boat. This transfer had the effect to load the boat to its full capacity in the then low stage of water. The boat had before starting on the voyage from St. Louis engaged cargo at intermediate points on the river, to the full amount which both the boat and barge could carry. In consequence of the disaster to the barge and the transfer of its cargo to the boat the goods which had been engaged could not be taken on, and, with one small exception, were not received or carried. The owners or master could not procure another barge in the place of the one which had sunk. When the barge's cargo was transferred to the boat, the latter, after some delay, owing to overloading in the low stage of water, proceeded to the port of destination and delivered the cargo.

Upon these facts the district court held that the libellants were entitled to recover on the policy. [Case unreported.] The respondent appeals.

Bakewell, Farish & Mead, for Insurance Co. (appellant).

Rankin & Hayden, for libellants (appellees).

DILLON, Circuit Judge. The action is upon a freight policy, which is a contract by the insurer to indemnify the owners of the vessel against loss by reason of the failure of the vessel to carry freight, in consequence of a peril insured against.

The contract here was for "insurance upon the freight of the steamer and barge, against the total loss of any part of the steamer or barge's freight, at and from St. Louis to New Orleans," &c. The insurance company contends that the policy covers only the freight list for the goods on board at St. Louis, when the voyage was begun; and this is really the decisive question in the case.

In construing these brief and informal contracts, the courts must keep in mind the peculiarities of inland river carriage. This was a general cargo, and it is the almost invariable usage of boats in the Mississippi trade to touch at intermediate ports to receive additions to their cargo; and such additions are covered by a contract, such as was made in this instance.

It is contended by the insurance company that there was no loss on the freight list because all the cargo on both boat and barge was, after the disaster to the barge, carried by the boat to New Orleans and the freight earned. But the other facts show that there was an actual loss of freight which would have been earned if the barge had not been lost. The loss is not conjectural, but plainly established by the proofs. Goods to the full carrying capacity of both the boat and barge had actually been engaged by the boat for the trip in question, and she was only prevented from carrying them by having received a transfer of the barge's cargo. No other barge could be obtained. It would be an illiberal construction of the contract to hold

that it did not cover the goods engaged and the freight which would have been earned thereon but for the loss of the barge by a peril insured against. Affirmed.